

**CT Corporation**
**Service of Process Notification**
09/11/2023
CT Log Number 544689828

## Service of Process Transmittal Summary

<span style="color:red">Exhibit 2</span>

**TO:**   Shayla Graham
Cigna Companies
900 COTTAGE GROVE RD
BLOOMFIELD, CT 06002-2920

**RE:**   **Process Served in Delaware**

**FOR:**   CIGNA HealthCare, Inc.  (Domestic State: VT)
According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CEP AMERICA-ILLINOIS, an Illinois limited liability partnership vs. CIGNA HEALTHCARE, a corporation |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Complaint, Affidavit, Proof of Service |
| **COURT/AGENCY:** | Cook County Circuit Court - Law Division, IL<br>Case # 2023L008667 |
| **NATURE OF ACTION:** | Regards to breach of implied contract and unjust enrichment for Cigna's failure to properly reimburse CEP for no contracted emergency physician services |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/11/2023 at 10:06 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Jade R. Lambert<br>King & Spalding LLP<br>110 N. Wacker Dr.<br>Ste. 3800<br>Chicago, IL 60606<br>312-995-6333 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/11/2023, Expected Purge Date: 09/16/2023<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  legalandpublicaffairs-incominglegal@cigna.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |



**CT Corporation**
**Service of Process Notification**
09/11/2023
CT Log Number 544689828

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                            Mon, Sep 11, 2023
**Server Name:**                  Wilmington Drop Serve

| Entity Served | CIGNA HEALTHCARE, INC. |
|---|---|
| Case Number | 2023L008667 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, T

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | SUMMONS | For Court Use Only<br>FILED<br>8/29/2023 11:36 AM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023L008667<br>Calendar, T<br>24158175 |
|---|---|---|

FILED DATE: 8/29/2023 11:36 AM    2023L008667

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | CEP AMERICA-ILLINOIS, an IL limited liab. partnership,<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>CIGNA HEALTHCARE, a corporation<br>CIGNA HEALTHCARE OF ILLINOIS, a corporation |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023L008667

**Case Number**

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

---

**Plaintiff/Petitioner:**

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce

- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders

- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk: 2023L008667

FILED DATE: 8/29/2023 11:36 AM   2023L008667

| | |
|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | |

**1. Defendant/Respondent's address and service information:**

    a.  Defendant/Respondent's primary address/information for service:

       Name *(First, Middle, Last)*:  CIGNA HEALTHCARE, a corporation

       Registered Agent's name, if any:  The Corporation Trust Company

       Street Address, Unit #:  Corporation Trust Center, 1209 Orange St.

       City, State, ZIP:  Wilmington, DE 19801

       Telephone: _____ Email: _____

In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

    b.  If you have more than one address where Defendant/Respondent might be found, list that here:

       Name *(First, Middle, Last)*: _____

       Street Address, Unit #: _____

       City, State, ZIP: _____

       Telephone: _____ Email: _____

In **1c**, check how you are sending your documents to this Defendant/ Respondent.

    c.  Method of service on Defendant/Respondent:

       ☐ Sheriff    ☑ Sheriff outside Illinois:  New Castle County, Delaware
                                                *County & State*

       ☐ Special process server    ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☑ **I am serving more than 1 Defendant/Respondent.**

I have attached  One    *Additional Defendant/Respondent Address*
              *Number*

and *Service Information* forms.

**2.**  **Information about the lawsuit:**

In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

    a.  Amount claimed:  $ in excess of $50,000

    ☐ b.  I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3.**  **Contact information for the Plaintiff/Petitioner:**

    Name *(First, Middle, Last)*: Jade R. Lambert, King & Spalding LLP

    Street Address, Unit #:  110 N. Wacker Dr., Ste. 3800

    City, State, ZIP:  Chicago, IL 60606

    Telephone:  (312) 995-6333    Email:  jlambert@kslaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| Important information for the person getting this form |
|---|

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4.**  **Instructions for person receiving this *Summons* (Defendant):**

    ☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

       Address:  Richard J. Daley Center, 50 West Washington, Room 801

       City, State, ZIP:  Chicago, Illinois 60602

FILED DATE: 8/29/2023 11:36 AM  2023L008667

> In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*

> In 4b, fill out:
> - The court date and time the clerk gave you.
> - The courtroom and address of the court building.
> - The call-in or video information for remote appearances (if applicable).
> - The clerk's phone number and website. All of this information is available from the Circuit Clerk.

☐ **b.** **Attend court:**

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
       *Date*           *Time*                 *Courtroom*

**In-person at:**

_____
*Courthouse Address*     *City*             *State*     *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
                 *Call-in number for telephone remote appearance*

By video conference: _____
                       *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                  *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
   *Website*

---

> **STOP!**
>
> The Circuit Clerk will fill in this section.

**Witness this Date:** _____

**Clerk of the Court:** 8/29/2023 11:36 AM IRIS Y. MARTINEZ
_____

[Seal of the Circuit Court of Cook County, Illinois]

---

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____
               *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.

FILED DATE: 8/29/2023 11:36 AM   2023L008667

| STATE OF ILLINOIS, CIRCUIT COURT | | ADDITIONAL DEFENDANT/RESPONDENT ADDRESS AND SERVICE INFORMATION FOR SUMMONS | For Court Use Only |
|---|---|---|---|
| Cook | COUNTY | | |

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** (*First, middle, last name*) <br> CEP AMERICA-ILLINOIS, an IL limited liab. partnership, |
| Enter your name as Plaintiff/Petitioner. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | v. <br><br> **Defendants / Respondents** (*First, middle, last name*) <br> CIGNA HEALTHCARE, a corporation |
| Enter the Case Number given by the Circuit Clerk. | CIGNA HEALTHCARE OF ILLINOIS, a corporation, <br><br> 2023L008667 <br> **Case Number** |
| | ☐ **Alias Summons** (*Check this box if this is not the 1st Summons issued for this Defendant.*) |

1. **Next Defendant/Respondent's address and service information:**

| In **1a**, enter the name and address of the next Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | |
|---|---|

   a. Defendant/Respondent's primary address/information for service:
      Name (*First, Middle, Last*):   CIGNA HEALTHCARE OF ILLINOIS, a corporation
      Registered Agent's name, if any:  C T Corporation System
      Street Address, Unit #:   208 S. LaSalle St., Ste. 814
      City, State, ZIP:   Chicago, IL  60604-1101
      Telephone: _____ Email: _____

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name (*First, Middle, Last*): _____
      Street Address, Unit #: _____
      City, State, ZIP: _____
      Telephone: _____ Email: _____

   c. Method of service on Defendant/Respondent:
      ☑ Sheriff     ☐ Sheriff outside Illinois: _____
                                                *County & State*

      ☐ Special process server     ☐ Licensed private detective

SU-S 1503.3                          Page 1 of 1                          (05/23)

FILED
8/28/2023 6:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L008667
Calendar, T
24149946

FILED DATE: 8/28/2023 6:45 PM   2023L008667

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CEP AMERICA-ILLINOIS, an Illinois
limited liability partnership,

             Plaintiff,

v.

CIGNA HEALTHCARE, a corporation;
CIGNA HEALTHCARE OF ILLINOIS, a
corporation,

             Defendants.

Case No.

JURY DEMAND

## COMPLAINT

Plaintiff CEP AMERICA-ILLINOIS, LLP, an Illinois limited liability partnership

("CEP"), by its undersigned counsel, and for its Complaint against CIGNA HEALTHCARE, INC.

and its subsidiary, CIGNA HEALTHCARE OF ILLINOIS, INC., (collectively "Cigna" or

"Defendants"), states as follows:

### NATURE OF THE CASE

1.    This is an action against Cigna for breach of implied contract and unjust enrichment

for Cigna's failure to properly reimburse CEP for noncontracted emergency physician services.

CEP seeks compensatory damages, restitution, interest, and costs.

2.    Plaintiff CEP seeks compensation for damages caused by Defendant Cigna's wrongful

acts in refusing to reimburse CEP for the fair value of emergency services provided to Cigna's

members.

3.    CEP is, and at all relevant times was, a physician-owned and physician-led medical

operating group that staffs emergency rooms across the country. CEP's physicians provide

FILED DATE: 8/28/2023 6:45 PM    2023L008667

emergency medical services to patients at more than twenty hospital emergency rooms in Illinois. CEP is required to have emergency room physicians available 24 hours a day, 7 days a week, 365 days a year who are qualified to treat a wide range of illnesses and injuries, such as gunshot wounds, automobile accidents, heart attacks, strokes, COVID or other infectious diseases, industrial accidents. The services provided by CEP-affiliated physicians are often lifesaving and immediately necessary.

4.    Recognizing the importance and critical nature of emergency medical services, Illinois law demands that "[n]o hospital, physician, dentist or other provider of professional health care licensed under the laws of this State may refuse to provide needed emergency treatment to any person whose life would be threatened in the absence of such treatment, because of that person's inability pay therefor, nor because of the source of any payment promised therefore." 210 ILCS 70/1.

5.    Insurance companies like Cigna receive millions of dollars in premiums collected from their clients and insureds in exchange for the promise of making benefit payments to healthcare providers for emergency and other medical services rendered to their members. Illinois law specifically requires that insurance companies provide coverage (and reimbursement) for emergency care regardless of "whether the emergency services are performed by a preferred or non-preferred provider and the coverage shall be at the same benefit level as if the service or treatment had been rendered by a preferred provider." 215 ILCS 124/10(b)(7); *see also* 215 ILCS 5/356z.3a(b).

6.    In order to ensure that there are emergency rooms physicians capable and available to treat all the patients who require emergency care, insurance companies like Cigna have to pay the physicians reasonable rates for those services. This lawsuit concerns Cigna's obligation to fairly

2

reimburse CEP for emergency physician services rendered by CEP physicians to Cigna members. For years, Cigna has refused to enter into a contract with CEP under reasonable reimbursement terms, and therefore, there is no network contract that sets a rate of payment. Cigna takes advantage of this absence of a pre-negotiated rate of payment and CEP's legal obligation to treat every Cigna member who shows up at a CEP-staffed emergency room by unilaterally paying CEP far less than a reasonable rate for this life-saving emergency care.

7. Cigna has been paying CEP an artificially low rate for CEP's services for years. Indeed, Cigna's business model has been to underpay CEP and to reject all of CEP's appeals for a fair rate of payment, thereby forcing CEP to engage in costly litigation to recover a reasonable rate for its services.

8. Cigna's repeated failures to make reasonable payments due and owing to CEP for bills and health care services provided to Cigna's members have deprived CEP of the fair value of its services, in an aggregate amount now around $7 million dollars and growing, plus applicable interest. CEP seeks to obtain fair value for the services rendered to Cigna's benefit.

## THE PARTIES

9. CEP is a limited liability partnership that provides emergency room physician services with its principal place of business in Emeryville, California. CEP provided, and continues to provide, medical care to patients in Illinois, who were Cigna members when such medical care was provided.

10. CIGNA HEALTHCARE is a corporation that provides health insurance and is one of the largest health insurance providers in the country. Plaintiff is informed and believes that Cigna Healthcare, Inc. is incorporated in Delaware and maintains its principal place of business in

FILED DATE: 8/28/2023 6:45 PM    2023L008667

FILED DATE: 8/28/2023 6:45 PM    2023L008667

Connecticut. Through its subsidiary, Cigna Healthcare of Illinois, Inc., Cigna Healthcare, Inc. provides health insurance to individuals in Illinois, and reimburses them for medical services provided within the State.

11. CIGNA HEALTHCARE OF ILLINOIS is a corporation that provides health insurance in the State of Illinois. It is incorporated in Delaware and maintains its principal place of business in Cook County, Illinois. Cigna Healthcare of Illinois, Inc. is registered with the Illinois Department of Insurance and the Illinois Secretary of State.

12. CEP is informed and believes that the manner in which the defendants operate includes extensive overlap among them, such that they seek to present a unified health plan network of their own and make it difficult to impossible to distinguish among them, including but not limited to which defendant bears ultimate financial responsibility for the liabilities alleged herein. Accordingly, any technical entity distinction among them should be disregarded, and they should be deemed *alter egos* of one another for purposes of this lawsuit.

13. CEP is further informed and believes that, in doing the acts or engaging in the omissions alleged herein, each defendant, in addition to acting for itself and on its own behalf, was also acting as the agent, representative or alter ego of the other, and in doing the things herein alleged, committed such acts or omissions within the course and scope of such agency, representation, or alter ego relationship, for the purpose of carrying out their intended purpose, with the knowledge, consent, authority, or ratification of the other.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to Article VI, § 9, of the Illinois Constitution of 1970 and 735 ILCS 5/2-209. The Defendants, at all relevant times, transacted

4

business in the State of Illinois. The violations alleged within this Complaint have been and are being carried out in the State of Illinois.

15. Venue is proper pursuant to 735 ILCS 5/2-101 because a substantial portion of the business activity and disputes at issue in this lawsuit occurred in Cook County, Illinois.

## GENERAL ALLEGATIONS

16. Under federal and Illinois law, an emergency provider has a statutory duty to provide emergency medical services to all individuals who present themselves at the emergency department needing such services, without regard to the individual's ability to pay, whether or not the patient has insurance benefits, and regardless of who provides the patient's health benefits. 42 U.S.C. §1395dd; 210 ILCS 70/1. In other words, if a Cigna member presents at a hospital emergency room staffed by a CEP physician, the CEP physician is required to provide emergency medical care to that member.

17. Indeed, recognizing the importance and critical nature of emergency medical services, Illinois law demands that "[n]o hospital, physician, dentist or other provider of professional health care licensed under the laws of this State may refuse to provide needed emergency treatment to any person whose life would be threatened in the absence of such treatment, because of that person's inability pay therefor, nor because of the source of any payment promised therefore." 210 ILCS 70/1.

18. Thus, state and federal law require that insurers and health plans like Cigna properly reimburse noncontracted emergency providers for the healthcare services rendered to Cigna's members.

19. Illinois law specifically requires that health plans and insurers provide coverage (and reimbursement) for emergency care regardless of "whether the emergency services are performed

FILED DATE: 8/28/2023 6:45 PM 2023L008667

by a preferred or non-preferred provider and the coverage shall be at the same benefit level as if the service or treatment had been rendered by a preferred provider." 215 ILCS 124/10(b)(7); *see also* 215 ILCS 5/356z.3a(b).

20. Moreover, the federal Patient Protection and Affordable Care Act ("PPACA"), effective March 23, 2010, imposes on insurers a legal obligation to cover noncontracted emergency services provided at hospitals. 42 U.S.C. § 300gg-19a. The PPACA set out "essential health benefits" that plans must cover, which include emergency services. 42 U.S.C. § 18022(b).

21. Illinois courts have also held that when a health plan member receives medical services from a noncontracted provider, an implied contract arises between the noncontracted provider and the health plan which requires the health plan to reimburse the provider for those medical services. *See, e.g., Northwestern Memorial Healthcare v. Aetna Better Health of Illinois, Inc.*, 2023 WL 2745549 (N.D. Ill. Mar. 31, 2023) (applying Illinois state law).

22. CEP has, for years, attempted to negotiate a network contract with Cigna that includes a fair rate of payment for services rendered to Cigna members. However, CEP has been unsuccessful in those efforts. In the meantime, CEP has, and continues to provide emergency physician services to Cigna members that come to hospital emergency rooms staffed by CEP.

23. CEP submits bills to Cigna for services rendered to Cigna members at reasonable billed charges. Cigna has, for years, paid some or most of these bills, but the payments tendered are in amounts far below what CEP charges, and far below the reasonable value for CEP's services.

24. Beginning on or about January 1, 2022, without warning or reason, Cigna drastically reduced the amount it had been paying for CEP's physician services. Without warning or cause, in 2022, Cigna began paying at less than half the average rate it had been paying in 2021 for the

FILED DATE: 8/28/2023 6:45 PM  2023L008667

FILED DATE: 8/28/2023 6:45 PM    2023L008667

same emergency physician services, and the rate Cigna pays CEP has been steadily decreasing since then.

25. In a world where the value of services rises with inflation and other market forces, Cigna's drastic and continued reduction in reimbursement affirms that Cigna is paying well-below a reasonable rate for CEP's noncontracted physician services.

26. Cigna's drastic reduction in reimbursement also happens to coincide with the effective date of balance billing protections under the No Surprises Act ("NSA"), which prohibits providers from balance billing the patient for specified emergency services any amounts that are not paid for by the patient's health plan. 42 U.S.C. § 300gg-111. The NSA also sets forth an optional federal independent dispute resolution (IDR) process that a provider or health plan can choose to initiate for a fee when a dispute arises over the rate of reimbursement for out-of-network emergency services.

27. CEP is informed and believes that Cigna decided that the NSA's balance billing prohibition and onerous dispute resolution process gave Cigna the leverage to drastically reduce reimbursement to CEP in hopes that CEP would not be able to afford to push back and be forced into accepting the low rate. Instead, CEP did initiate the federal IDR process and was successful in obtaining determinations that reasonable reimbursement under the NSA was even higher than what Cigna was paying back in 2021, and much higher than the unreasonably low rate being paid by Cigna more recently. This further affirms that Cigna was, and is, paying nowhere near a reasonable rate for CEP's services.

28. For patient confidentiality reasons, CEP will provide Cigna with a spreadsheet of bills and patients directly when requested and will provide updated lists to Cigna and the courts as may be needed. Cigna's improper payment practices remain ongoing, and therefore, CEP expects to

7

FILED DATE: 8/28/2023 6:45 PM   2023L008667

need to update the list of specific bills at issue in this lawsuit at a future date, unless and until Cigna either ceases its improper practices or is enjoined from doing so. Thus, CEP reserves the right to provide updated lists to reflect new bills to the extent they arise for as long as Cigna members continue to receive emergency treatment from CEP physicians and Cigna continues to underpay CEP's bills for such services.

## COUNT I

### *Breach of Implied-in-Fact Contract*

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. No express written contract between CEP and Cigna exists which sets forth reimbursement amounts for the emergency services that CEP has provided to Cigna members.

31. Cigna received premium payments for its members' enrollment and coverage in the members' respective health plans, and as a matter of law, Cigna's plans and contracts with its members all cover out-of-network emergency service. 42 U.S.C. § 18022(b). Cigna has a reasonable expectation that its members will go to CEP-staffed hospitals to receive emergency care, and it has agreed to pay for that care.

32. Prior to the treatment rendered by CEP, through the established legal framework for emergency service payment and industry custom and practice regarding the rendering and reimbursement for out-of-network emergency services, Cigna agreed and understood that CEP would provide emergency services to Cigna members, that CEP would submit bills for those services to Cigna, and that Cigna would pay CEP the reasonable, usual and customary value for the emergency care provided, except for co-payments, deductibles, and co-insurance amounts paid by patients, if any.

8

33. This implied agreement to pay is also created, in part, through industry custom and practice and prior conduct of the parties, which included:

    a. Cigna's decision to provide health insurance to its members with the understanding that some of those members would require emergency medical services.

    b. Cigna issuing an insurance policy to its members representing that Cigna would reimburse health care providers for the emergency services they provide to Cigna's members.

    c. Cigna's issuance of identification cards to patients to present at hospitals when they present to the hospitals for emergency services;

    d. CEP's past conduct of providing emergency medical services to Cigna-insured patients, and billing Cigna for those services; and

    e. Cigna's past conduct of paying CEP much higher amounts for such services.

34. Consideration for the implied agreement was also created when CEP rendered services to Cigna's members, and when Cigna failed to fully pay CEP for those services to CEP's detriment.

35. Thus, Cigna impliedly agreed that if CEP provided emergency services to Cigna members, that Cigna would pay a reasonable value for those services.

36. At no time before CEP rendered emergency services to Cigna's insureds did Cigna deny any bill from CEP on grounds that noncontracted or out-of-network emergency services were not covered, or otherwise represent that it would not pay CEP for those services. On the contrary, for the bills at issue in this case, Cigna paid something for the bill, though less than the reasonable value.

37. CEP performed all conditions required on its part to be performed in accordance with the terms and conditions of the implied contract. Cigna breached the implied contract with CEP

9

by paying unreasonably low amounts for the medically necessary emergency services. CEP has demanded that Cigna properly pay CEP for the services it provided to Cigna's insureds, but Cigna has improperly refused and failed to do so.

38. As the direct and proximate result of Cigna's breach of contract, Cigna suffered damages in an amount to be proven at trial, plus applicable interest.

39. WHEREFORE, CEP respectfully requests this Court:

   a. To enter judgment in favor of CEP against Cigna;

   b. For damages in favor of CEP, sufficient to compensate for the damages suffered as a result of Cigna's actions alleged herein;

   c. For interest on such principal sum at a rate of 1% per month, pursuant to Illinois' prompt pay law, ILCS 540/3-2(1); or in the alternative, 9% per annum, pursuant to 815 ILCS 205/4, or in the alternative, for interest on such principal sum at the rate of 5% per annum, pursuant to 815 ILS 205/2;

   d. For court costs and reasonable attorney's fees as provided in 215 ILCS 5/155, and/or a sum not in excess of 60% of the recovery as provided for in 215 ICLS 5/155(a); and

   e. For such other and further relief as the Court deems just and proper.

## COUNT II

### *Unjust Enrichment and Breach of Implied-in-Law Contract*

40. Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. Implied-in-law contracts were created between CEP and Cigna whenever Cigna's members presented at an emergency room staffed by CEP physicians and CEP provided

10

emergency services to Cigna's members. Under Illinois and federal law, Cigna is legally obligated to pay CEP the reasonable value of its services.

42. Cigna, by being financially responsible to pay for necessary healthcare services rendered to members from whom Cigna has been paid premiums, receives a benefit from a provider who renders those necessary healthcare services, and thus, has a duty to pay for those services. The emergency services that CEP provided to Cigna's members conferred a benefit upon Cigna by allowing the company to fulfill its express contracts with the patients and, by enabling patients to receive the medical care they needed. By providing the emergency care that Cigna promised to its members that it would pay, CEP allowed Cigna to rightfully retain the premium payments that Cigna received from its insureds. *See Northwestern Memorial Healthcare*, 2023 WL 2745549 at *10.

43. CEP did not perform those services gratuitously. Cigna, by its words and prior and ongoing conduct, and through the custom and practice in the healthcare industry, knew and understood that CEP rendered such treatment with the expectation of being paid.

44. Moreover, as set forth above, Illinois and federal law create a duty in law for CEP to render emergency physician services to Cigna's members, and a duty for Cigna to timely and accurately pay CEP for those services. 215 ILCS 124/10(b)(7); *see also* 215 ILCS 5/356z.3a(b); 42 U.S.C. § 18022(b).

45. Absent a written contract for an alternative rate, Cigna has the duty under federal and Illinois law to timely and accurately pay CEP for the services at a reasonable and customary rate. By failing to do so, Cigna improperly retained the benefit that CEP conferred by failing to properly and fully compensate CEP for the reasonable and customary value of that benefit.

11

FILED DATE: 8/28/2023 6:45 PM   2023L008667

46. Cigna has been unjustly enriched at the expense of CEP by not fully and properly paying CEP the reasonable value of the services provided to Cigna's insureds.

47. Cigna's improper conduct of unjustly retaining a benefit to CEP's detriment violates the fundamental principles of justice, equity, and good conscience.

48. As direct and proximate result of Cigna's misconduct, CEP has suffered harm, and it seeks to recover the benefit that CEP conferred upon Cigna in an amount to be proven at trial, plus applicable interest.

49. WHEREFORE, CEP respectfully asks this Court:

    a. To enter judgment in favor of CEP against Cigna;

    b. For restitution in an amount to be proven at trial;

    c. For interest on such principal sum at a rate of 1% per month, pursuant to Illinois' prompt pay law, ILCS 540/3-2(1); or in the alternative, 9% per annum, pursuant to 815 ILCS 205/4, or in the alternative, for interest on such principal sum at the rate of 5% per annum, pursuant to 815 ILS 205/2; and

    d. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

CEP hereby demands a jury trial on all issues so triable.

By: */s/ Jade R. Lambert*

**Jade R. Lambert** (jlambert@kslaw.com)
KING & SPALDING LLP
*Attorneys for Plaintiff*
Firm ID No. 61954
110 North Wacker Drive, Suite 3800
Chicago, Illinois 60606
Telephone: (312) 995-6333

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED DATE: 8/28/2023 6:45 PM 2023L008667

| | |
|---|---|
| CEP AMERICA-ILLINOIS, an Illinois limited liability partnership,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE, a corporation;<br>CIGNA HEALTHCARE OF ILLINOIS, a corporation,<br><br>        Defendants. | Case No. |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)**

      The undersigned being first duly sworn upon oath, deposes and states that she is counsel to Plaintiff in the above-captioned cause of action seeking money damages and states that this cause of action **does** exceed $50,000.00

By: /s/ 

      **Jade R. Lambert** (jlambert@kslaw.com)
      KING & SPALDING LLP
      Attorneys for Plaintiff
      Firm ID No. 61954
      110 North Wacker Drive, Suite 3800
      Chicago, Illinois 60606
      Telephone: (312) 995-6333

Dated: August 28 , 2023

Sworn and Subscribed before me

August 28, 2023
_____
Date

_____
Notary Public

JESSICA RUIZ
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
October 22, 2024

Enter the Case Number given by the Circuit Clerk: <u>2023L008667</u>

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

FILED DATE: 8/29/2023 11:36 AM    2023L008667

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | CEP AMERICA-ILLINOIS, an IL limited liab. partnership, <br> **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>CIGNA HEALTHCARE, a corporation <br> **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023L008667 _____
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
    *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
            *First, Middle, Last*
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

    ☐ On the Corporation's agent, _____
                      *First, Middle, Last*
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____     _____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**                                                    **FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____          Service and Return:   $ _____
*Signature by:*  ☐ Sheriff          Miles _____      $ _____
                 ☐ Sheriff outside Illinois:   Total     $ _____

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 8/29/2023 11:36 AM   2023L008667