**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CEP AMERICA-ILLINOIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 C 14330** |
| | ) | |
| **CIGNA HEALTHCARE and CIGNA** | ) | |
| **HEALTHCARE OF ILLINOIS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

CEP America-Illinois filed suit against Cigna Healthcare and Cigna Healthcare of Illinois (collectively Cigna) in the Circuit Court of Cook County, Illinois seeking to recover payment for emergency medical services CEP provided to members of Cigna-administered medical insurance plans. CEP asserts claims under Illinois law for breach of a contract implied in fact and breach of a contract implied in law. Cigna removed the case to federal court, asserting that federal subject matter jurisdiction exists under 28 U.S.C. § 1331 because some of the Cigna members that CEP claims to have treated "had coverage under 'employee welfare benefits plans' as defined in ERISA, 29 U.S.C. § 1002(1)." Def.'s Notice of Removal at 1 (dkt. no. 1). The Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. For the reasons below, the Court remands the case to state court for lack of federal jurisdiction.

**Background**

CEP is "a physician-owned and physician-led medical operating group that staffs emergency rooms across the country," including at "more than twenty hospital emergency rooms in Illinois." Compl. ¶ 3. Cigna is an insurance company that "provides health insurance to individuals in Illinois, and reimburses them for medical services provided within the State." *Id.* ¶ 11. CEP alleges that for years it has tried but failed to "negotiate a network contract with Cigna that includes a fair rate of payment for services rendered to Cigna members." *Id.* ¶ 22. Although CEP is not part of the Cigna network, it nevertheless "has, and continues to provide emergency physician services to Cigna members that come to hospital emergency rooms staffed by CEP." *Id.* CEP contends that, when it provides emergency care to one of Cigna's members, Cigna has a duty to reimburse it for the reasonable costs of those services, even though it is an out-of-network provider. Cigna apparently agrees—or so says CEP—given that it "has, for years, paid some or most of these bills" for emergency care. *Id.* ¶ 23.

Notwithstanding this agreement, CEP alleges that "[b]eginning on or about January 1, 2022, without warning or reason, Cigna drastically reduced the amount it had been paying for CEP's physician services" and "began paying at less than half the average rate it had been paying in 2021 for the same emergency physician services." *Id.* ¶ 24. Since January 2022, CEP says, "the rate Cigna pays CEP has been steadily decreasing." *Id.* CEP further contends that it is clear that "Cigna is paying well-below a reasonable rate for CEP' s noncontracted physician services." *Id.* ¶ 25.

In August 2023, CEP filed suit against Cigna in the Circuit Court of Cook County, Illinois, for breach of contract implied in fact and breach of contract implied in law.

2

Cigna removed the case to this Court, asserting the federal subject matter exists under 28 U.S.C. § 1331 because some of the Cigna members whom CEP treated "had coverage under 'employee welfare benefits plans' as defined in ERISA, 29 U.S.C. § 1002(1)." Def.'s Notice of Removal at 1. Cigna asserted that CEP's state-law claims with respect to these individuals were "completely preempted by ERISA, and therefore this action [was] removable to federal court." *Id.* at 3. Cigna moved to dismiss all CEP's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. While that motion was pending, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. *See* May 30, 2024 Order to Show Cause (dkt. no. 26).

## Discussion

"Federal courts 'have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'" *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

Section 1331 grants federal district courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." To determine whether a case arises under federal law, courts generally follow the "well-pleaded complaint rule," which provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). "In particular, the existence of a federal defense normally does not

create statutory 'arising under' jurisdiction, and a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal quotation marks and citations omitted).

There is an exception to this general rule if "a federal statute wholly displaces the state-law cause of action through complete pre-emption," in which case a defendant may remove the case to federal court because "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207–08; *see also Vaden*, 556 U.S. at 61 ("A *complaint* purporting to rest on state law, we have recognized, can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal.").

The Supreme Court has held that "[t]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  This does not mean, however, that all cases that have a factual nexus to an ERISA benefits plan are removable to federal court based on the doctrine of complete preemption.  Indeed, the Seventh Circuit has explained that not even all cases where a defendant has a valid federal preemption defense are removable.  *See Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 601 (7th Cir. 2008) ("Conflict preemption, unlike complete preemption, actually is a true preemption doctrine and is an issue left to the state court in this case, since conflict preemption does not provide an independent basis

for federal jurisdiction/removal.").  To satisfy the jurisdictional complete preemption requirement, the plaintiff's cause of action must satisfy the two-part test articulated by the Supreme Court in *Davila*:  (1) the plaintiff "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions."  *Davila*, 542 U.S. at 210.

The parties dispute both parts of the test.  With respect to the first part, Cigna contends that CEP has a cause of action under section 502(a)(1)(B) because "[a]s a medical provider with an assignment of benefits [from patients], CEP is the type of party who can bring a claim under ERISA."  Cigna's Resp. to Order to Show Cause at 12–13.  CEP responds that it does not have a cause of action under section 502(a)(1)(B) because it is not attempting to recover benefits owed to Cigna members, and in any case, it would not be able to recover such benefits under an assignment-of-benefits theory because Cigna's members have not suffered any financial injury as a result of Cigna's unreasonably low payments to CEP and thus have nothing to recover.

With respect to the second part of the test, Cigna argues that there is no independent legal duty "because interpretation of the plans' coverage and benefits provisions forms an essential part of [CEP's claims] and Cigna would have liability to CEP only due to its administration of those plans."  *Id.* at 8–9.  CEP responds that "the legal duties implicated by CEP's state law claims for breach of implied-in-fact contract and quantum meruit arise from the parties' conduct at [sic] state statutes and are entirely independent from ERISA and any plan terms" and simply "do not require interpretation of the terms of a benefit plan."  CEP's Resp. to Order to Show Cause at 6–7.

The Court concludes that CEP's claims do not meet the second part of the test in *Davila* because they implicate legal duties independent of the ERISA plans at issue. "Under the second prong—whether a defendant's actions implicate an independent legal duty—a court must determine whether interpretation of the terms of the benefit plan forms an essential part of the plaintiff's state law claim (if it does, then the duty is not independent of the plan and preemption still applies)." *Segerberg v. Pipe Fitters' Welfare Fund, Loc. 597*, 918 F. Supp. 2d 780, 784 (N.D. Ill. 2013).

In applying *Davila* to cases brought by healthcare providers against insurers, there is "a common distinction in the case law between claims involving the 'right to payment' and claims involving the 'amount of payment'—that is, on the one hand, claims that implicate coverage and benefits established by the terms of the ERISA benefit plan, and, on the other hand, claims regarding the computation of contract payments or the correct execution of such payments." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 331 (2d Cir. 2011). "The former are said to constitute claims for benefits that can be brought pursuant to § 502(a)(1)(B), while the latter are typically construed as independent contractual obligations between the provider and the PPO or the benefit plan." *Id.* That is because "issues regarding the rate of reimbursement 'take each patient's eligibility [under the ERISA plan] as a given and do not call upon the court to construe or apply plan provisions.'" *Affiliated Dialysis of Joliet, LLC v. Health Care Serv. Corp.*, No. 23 C 15086, 2024 WL 1195607, at *3 (N.D. Ill. Mar. 20, 2024) (quoting *Stanford Health Care v. Health Care Serv. Corp.*, No. 23 C 4744, 2023 WL 7182990, at *4 (N.D. Ill. Nov. 1, 2023)); *see also ACS Primary Care Physicians Sw., P.A. v. United Healthcare Ins. Co.*, 479 F. Supp. 3d 366, 373 (S.D. Tex. 2020) ("In a breach of implied

contract case, like the one pleaded here, there is no need to interpret an ERISA plan because the claims have already been deemed payable, and the question is simply whether payment has been made at the usual and customary rate."). Thus, "[c]ourts have consistently held that an insurer's alleged failure to adequately pay a medical provider constitutes a separate, independent legal duty that is incompatible with ERISA preemption under *Davila*." *Affiliated Dialysis of Joliet, LLC*,2024 WL 1195607, at *3 (collecting cases).

The Court finds this reasoning applicable to this case. CEP's claims involve only emergency services that Cigna does not dispute it is required to cover. *See* Compl. ¶ 36 ("At no time before CEP rendered emergency services to Cigna's insureds did Cigna deny any bill from CEP on grounds that noncontracted or out-of-network emergency services were not covered, or otherwise represent that it would not pay CEP for those services. On the contrary, for the bills at issue in this case, Cigna paid something for the bill, though less than the reasonable value."). Rather, the basis for CEP's claims is that Cigna has paid unreasonable *rates* for *covered* emergency services. Rates of payment are not specified in the terms of the ERISA plans themselves. This is illustrated by the fact that insurers like Cigna and providers like CEP must attempt to negotiate insurer-provider contracts, separate and apart from the terms of ERISA plans between Cigna and its members. Indeed, the parties' lack of such a contract is essentially the reason why the parties' dispute has landed in court at all. The Court therefore disagrees with Cigna's contention that resolution of CEP's claims requires interpretation of ERISA provisions.

Moreover, the legal duties CEP seeks to enforce are not "derive[d] entirely from

7

the particular rights and obligations established by the [ERISA] benefit plans." *Davila*, 542 U.S. at 213. Rather, CEP seeks "to remedy [a] violation of a legal duty independent of ERISA." *Id.* at 214. Specifically, CEP alleges that an "implied contract" arose from (1) Cigna's past conduct and course of dealings with CEP; and (2) Illinois and [non-ERISA] federal statutory requirements that Cigna "pay CEP the reasonable value of the services CEP rendered to Cigna's members," even absent a written contract to do so. CEP's Resp. to Order to Show Cause at 8; *see also* Compl. ¶¶ 31–37, 44–45. Such "legal duties arising under an [implied contract] . . . 'would exist whether or not an ERISA plan existed' and thus are independent from the legal obligations imposed by the ERISA plans." *Emergency Grp. of Ariz. Pro. Corp. v. United Healthcare, Inc.*, 838 F. App'x 299, 300 (9th Cir. 2021) (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)); *see also Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, No. 20 C 9183, 2021 WL 4437166, at *10 (S.D.N.Y. Sept. 28, 2021) (holding that state-law claims brought by emergency healthcare providers "against United arise 'not from an alleged violation of some right contained in the plan, but rather from a freestanding state-law duty'" (quoting *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 150 (2d Cir. 2017))).

Because the Court has concluded that the second part of the *Davila* test is not met, it need not decide whether CEP would have a cause of action under section 502(a)(1)(B) under the theory proposed by Cigna.

The fact that CEP has included in its complaint a request for attorney's fees under 215 ILCS 5/155 does not necessitate a contrary conclusion. That provision specifies that, in a suit for "vexatious and unreasonable" actions or delays regarding

payment of insurance claims, the "court may allow as part of the taxable costs in the action reasonable attorney fees." But this provision for *attorney's fees* is dependent on a plaintiff prevailing on another successful cause of action; it is not an independent cause of action. As the Court has just discussed, CEP's only causes of action in this suit—for breach of contract implied-in-fact and breach of contract implied-in-law—are not subject to complete preemption. There is thus no jurisdictional basis for CEP to pursue them (or any attendant attorney's fees) in federal court.

## Conclusion

For the reasons stated above, this case is remanded to the Circuit Court of Cook County, Illinois, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk is directed to remand the case forthwith. Defendant's motion to dismiss for failure to state a claim [9] is denied as moot.

Date: August 21, 2024

_____
MATTHEW F. KENNELLY
United States District Judge